FILED
2009 Oct-15 PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Janice Beck, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-G-0588-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Janice Beck, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards

were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520 (a)-(f). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;

(2)  whether she has a severe impairment;

    (3)      whether her impairment meets or equals one listed by the Secretary;

    (4)      whether the claimant can perform her past work; and

    (5)      whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

        In the instant case, the ALJ, Patrick R. Digby, determined the plaintiff met the first two tests, but concluded  did not suffer from a listed impairment.  The ALJ found the plaintiff unable to perform her past relevant work.  Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do."  Foote, at 1559.  When a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the grids).  Foote, at 1558-59.  The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also prevents exclusive reliance on the grids.  Foote, at 1559.  In such cases "the [Commissioner] must seek expert vocational testimony.  Foote, at 1559.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...." McGregor, 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

In the present case the plaintiff alleges she is unable to work due to cervical disc disease. Her treating neurosurgeon, Dr. Hash, examined the plaintiff on November 13, 2006. On examination he found she was "slightly hyperreflexic in the left upper and

4

lower extremity relative to the right." R 273.  Dr. Hash also reviewed MRI scans, which he interpreted as showing "diffuse cervical spondylosis." R 273.  In his examination, Dr. Hash found the plaintiff was not myelopathic.[1]  Dr. Hash recommended treatment with cervical traction and medications rather than surgery: "She does not appear to be myelopathic in my opinion.  I do not believe any surgery on her neck is going to improve her pain."  Record 273.  Dr. Hash also noted the plaintiff had applied for disability: "She says she has applied for disability and I would be supportive of that in view of the severe degenerative changes in her neck."  Record 273.

Doctor Hash also wrote a letter on the plaintiff's behalf which stated as follows: "Ms. Beck has severe degeneration to the bones of her cervical spine causing severe neck pain.  She has chronic pain and has had it for years.  In my opinion, she is completely disabled."  Record 271.

The ALJ gave the following reasons for refusing to credit Dr. Hash's opinion:

> Although Dr. Hash opined that the claimant was disabled, little weight is given to this opinion, as it is inconsistent with the treatment he provided to the claimant.  It is also inconsistent with the symptoms and limitations the claimant reported throughout the limited treatment she received.  Furthermore, the undersigned finds this opinion is not a specific assessment of the nature and severity of the claimant's impairments, but only support of his patient's application for disability.  There is no indication that Dr. Hash understood the criteria for disability from the Social Security

---

[1] Myelopathy includes any of various functional disturbances or pathological changes in the spinal cord, often referring to nonspecific lesions in contrast to the inflammatory lesions of myelitis. Dorland's Illustrated Medical Dictionary 1090 (28th Ed. 1994).

>Administration. It is further noted the opinion of disability is an issue reserved the Commissioner (20 CFR 404.1527(e)(2)). As a result, Dr. Hash's opinion is not entitled to any special significance.

Record 14.

The reasons given by the ALJ for refusing to credit Dr. Hash are not supported by substantial evidence. The ALJ does not explain in what way Dr. Hash's treatment of the plaintiff is inconsistent with his opinion that she suffers from severe disabling neck pain. Dr. Hash recommended "treatment with imminent cervical traction and medications." Record 273. The ALJ does not explain why this treatment plan is inconsistent with disabling pain. It appears from Dr. Hash's note that he did not believe surgery would improve plaintiff's pain. Therefore, his failure to perform or surgery does not discredit his opinion that the plaintiff suffered from severe disabling neck pain.

Nor does the ALJ explain why he believes Dr. Hash's opinion is inconsistent with the symptoms and limitations the claimant reported during the relevant period of time. The plaintiff described her symptoms to Dr. Hash as follows:

>She tells me that she has been having pain in her neck and down her arms that hurts all the time, night or day, and no matter what position she is in. She says her arms feel numb and weak. ... She says for the past year she has not been able to work because she is having such a great deal of pain.

Record 272. The plaintiff also complained to Dr. Lary, the Social Security consultative examiner, "of chronic neck and low back pain that has been present for years." Record 233. Doctor Hash's treatment note of November 13, 2006, indicates the plaintiff was referred by Dr. Alapati. However, there are no treatment notes in the record from Dr.

Alapati.  Therefore, it was impossible for the ALJ to know what she reported in the way of symptoms and limitations to Dr. Alapati.  Nonetheless, it appears Dr. Alapati ordered an MRI of the cervical spine and referred the plaintiff to her treating neurosurgeon for care.  This is certainly consistent with the plaintiff having complained of disabling pain and other limitations to Dr. Alapati.

The ALJ was also incorrect in stating that Dr. Hash's opinion was not a specific assessment of the nature and severity of the claimant's impairments.  After reviewing recent MRI scans, Dr. Hash specifically stated in his letter that the plaintiff had "severe degeneration of the bones of her cervical spine <u>causing severe neck pain</u>."  Record 271.  Dr Hash, therefore, was quite specific as to the impact of severe degeneration of the plaintiff's cervical spine.  It was Dr. Hash's opinion that her impairment caused severe neck pain.  While his opinion that the plaintiff "is completely disabled" might be considered to be an issue reserved for the Commissioner, his opinion that the plaintiff suffered from severe neck pain certainly qualifies as a medical opinion under the Commissioner's regulations.

> Medical opinions are statements from physicians... that reflect <u>judgments</u> about the nature and severity of your impairment(s), <u>including your symptoms</u>....

20 CFR § 404.1527(a)(2)(emphasis added).  In this case the plaintiff's treating neurosurgeon expressed his judgment that a symptom of her objectively verified condition (severe degenerative disc disease of the cervical spine verified by MRI scan)

was severe neck pain.  Dr. Hash's opinion about the severity of the plaintiff's neck pain is a medical opinion under the Commissioner's Regulations.

Therefore, the reasons given by the ALJ for refusing to credit Dr. Hash's judgment (based upon his physical examination and review of MRI scans) that the plaintiff suffered severe neck pain as a symptom of her impairment, are not supported by substantial evidence.  Moreover, based upon the standards set forth in the Commissioner's regulations, the ALJ should have given controlling weight to the opinions and judgments of Dr. Hash.

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 CFR § 404.1527(d)(2)  Doctor Hash's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [plaintiff's] case record."   Therefore, it was error for the ALJ not to credit Dr. Hash's judgment that the plaintiff suffered from severe neck pain.  Under the Commissioner's regulations Dr. Hash should have been given controlling weight.  Under the Eleventh Circuit pain standard, Dr. Hash's opinions must be accepted as true because the reasons given by the ALJ for refusing to credit Dr. Hash are not supported by substantial evidence.

At her ALJ hearing the plaintiff testified that she suffers from pain in her neck that she rated as an 8 out of 10 on an average day.  Record 43.  She testified that the

8

pain required that she lie down three or four times during the day in an attempt to ease the pain. Record 44. The vocational expert testified that if the plaintiff suffered from severe pain as she testified, there would be no jobs that she will be able to perform. Record 52. Dr. Hash's judgment was that the plaintiff suffered from severe neck pain due to her severe degenerative cervical disc disease. As discussed above, his opinion must be accepted as true and ALJ should have given it controlling weight. Therefore, the Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work. Accordingly, the plaintiff is disabled within the meaning of the Social Security Act. An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

        DONE and ORDERED 15 October 2009.

                                            _____
                                            UNITED STATES DISTRICT JUDGE
                                                    J. FOY GUIN, JR.